**Leah ROSENFELD, Plaintiff,**

v.

**SOUTHERN PACIFIC COMPANY, a Delaware corporation, and Transportation-Communication Employees Union, and State of California; Department of Industrial Relations, Division of Industrial Welfare, and Industrial Welfare Commission, Defendants.**

Civ. No. 67-1377-F.

United States District Court
C. D. California.

Nov. 22, 1968.

Supplemental Findings of Fact and Conclusions of Law Nov. 25, 1968.

Gang, Tyre & Brown, Hermione K. Brown, Frank G. Wells, Hollywood, Cal., and Louis M. Brown, Century City, Cal., for plaintiff.

William R. Denton and Thomas H. Gonser, San Francisco, Cal., Randolph Karr, Los Angeles, Cal., Bodle, Fogel, Julber & Reinhardt, Los Angeles, Cal., Schoene & Kramer, Washington, D. C., Thomas C. Lynch, Atty. Gen., of Cal., Jay S. Linderman, Deputy Atty. Gen., San Francisco, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

FERGUSON, District Judge.

This cause came on to be heard on plaintiff's Motion for Summary Judgment in favor of plaintiff and against defendant Southern Pacific Company, a Delaware corporation, on September 10, 1968, before the above-captioned Court, the Honorable Warren J. Ferguson, Judge presiding; * * * and on defendant Southern Pacific Company's Motion for Reconsideration, Motion to Stay Injunctive Order, and Objections to Findings of Fact and Conclusions of Law, on the 21st day of October, 1968, before the above-captioned Court, the Honorable Warren J. Ferguson, Judge presiding; * * * and the Court having considered all of the documents filed with respect to said motions, the

pleadings, affidavits, memoranda, agreed facts and stipulations on file and entered into in this action, and having made an Order adding the State of California as a party defendant, and having made an Order that, pursuant to stipulation of the parties, the within action is deemed an action for Declaratory Relief in addition to an action for the relief previously requested, and having heard and considered the arguments of counsel, and the Court being fully advised in the premises, now makes its Findings of Fact and Conclusions of Law, as follows:

## FINDINGS OF FACT

1. Plaintiff is a woman. At all times since October 25, 1944, plaintiff has been employed by defendant Southern Pacific Company, a Delaware corporation (hereinafter referred to as "Company").

2. In March, 1966, an opening occurred in the position of Agent-Telegrapher at defendant Company's facilities at Thermal, California (hereinafter referred to as the "Thermal position"). Plaintiff placed a timely bid for the Thermal position. (A copy of plaintiff's bid is annexed as Exhibit A to plaintiff's Answers to Defendant's Interrogatories to Plaintiff [hereinafter referred to as "Plaintiff's Answers"]).

3. On March 21, 1966, plaintiff was denied the Thermal position by defendant Company (Exhibit B annexed to "Plaintiff's Answers").

4. At all times herein relevant, plaintiff has been a member of defendant Transportation-Communication Employees Union (hereinafter referred to as "Union"). During all times relevant hereto Union has been the duly designated and authorized collective bargaining representative for certain employees of defendant Company, including plaintiff. Union is a standard railway labor organization, organized pursuant to the Railway Labor Act (45 U.S.C. Sections 151–164). Union represents persons who are members of the so-called station, tower and telegrapher crafts who are employed by defendant Company, as well as by other carriers throughout the United States subject to the Railway Labor Act.

5. At all times herein relevant, there has been in effect between defendant Company and Union a Collective Bargaining Agreement (hereinafter referred to as the "Collective Bargaining Agreement"), Rule 19, Section (a) of which provides as follows:

"Employes shall be regarded as in line for promotion, advancement depending upon faithful discharge of duties and capacity for increased responsibility. Where ability is sufficient, seniority shall govern."

6. Plaintiff was the most senior employee bidding for the Thermal position. Plaintiff was fully qualified for the Thermal position by all standards established by the Collective Bargaining Agreement. Plaintiff was fully qualified for the Thermal position by all standards established by defendant Company, except that plaintiff is a female. Plaintiff is fully qualified to perform the services required by the Thermal position including the overtime work and physical duties required for said position.

7. A male employee, with less seniority than plaintiff, was assigned to the Thermal position on or about March 21, 1966.

8. None of the parties hereto commenced grievance procedures under the Collective Bargaining Agreement; any attempt to do so was without legal effect and any such attempt was abandoned by plaintiff before a final decision was reached, in favor of proceedings under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sections 2000e through 2000e–15).

9. At no time did defendant Company test or evaluate plaintiff's ability to perform the work required by the Thermal position. The sole basis for defendant Company's refusal to assign plaintiff to the Thermal position was that, by rea-

son of plaintiff's sex, her assignment to that position would:

(i) Violate Section 1350 of the California Labor Code (relating to number of hours per day and per week of employment), and Section 1251 of the California Labor Code and paragraph 17 of the California Industrial Welfare Commission Order No. 9–63 Regulating Wages, Hours, and Working Conditions for Women and Minors in the Transportation Industry (referring to the number of pounds a female employee may be required to lift). For convenience, said Code sections and said Regulation are separately and collectively hereinafter referred to as the "California hours and weights legislation".

(ii) Be contrary to the exercise of the Company's discretion as an employer.

10. Plaintiff contends that the provisions of California Labor Code Sections 1171 through 1256 and 1350 through 1357 and the administrative regulations issued under or pursuant thereto (including but not limited to paragraph 17 of the California Industrial Welfare Commission Order No. 9–63 Regulating Wages, Hours, and Working Conditions for Women and Minors in the Transportation Industry) do not create a bona fide occupational qualification within the meaning of Section 703 of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–2(e)) and said legislation and regulations discriminate against women on account of sex, contrary to the provisions of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sections 2000e through 2000e–15). Defendants contend that said legislation and regulations do create a bona fide occupational qualification within the meaning of Section 703 of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–2 (e)) and are not contrary to the provisions of Title VII of the Civil Rights Act of 1964.

11. On May 31, 1966, plaintiff filed a written charge under oath with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"), pursuant to Section 706(a) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–5(a)) alleging that defendant Company's refusal to assign her to the Thermal position constituted discrimination against her on the basis of sex (Exhibit F annexed to Plaintiff's Answers). Plaintiff's complaint was filed within 90 days after plaintiff was denied the Thermal position.

12. On June 29, 1966, a copy of the charge of discrimination was served on defendant Company.

13. On August 20, 1967, plaintiff received notice from the EEOC of its Decision based upon the charge filed by plaintiff. (By stipulation of the parties, the Decision is included in evidence herein, a copy thereof being attached as Appendix A to the Brief of the United States Equal Opportunity Employment Commission as Amicus Curiae and Appendices, and is hereinafter referred to as the "EEOC Decision".) The EEOC Decision concluded that the Commission would make no determination regarding the merits of plaintiff's charges and advised plaintiff of her right to bring suit within 30 days under Title VII of the Civil Rights Act of 1964.

14. This action was brought within 30 days of receipt by plaintiff of the EEOC Decision.

15. The duties required by the Thermal position are not such as to create a bona fide occupational qualification based upon sex within the meaning of Section 703 of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–2(e)).

16. At no time did plaintiff have control over, nor was plaintiff at any time responsible for, the failure, if any, of the EEOC to attempt to obtain voluntary compliance by defendant Company with the Civil Rights Act of 1964 pursuant to Sections 706(a) and 706(e) (42 U.S.C. Section 2000e–5(a) and (e)) thereof, or to act within the time period

**1224**

provided in Section 706(e) (42 U.S.C. Section 2000e–5(e)).

17. Defendant Company did not rely on any written interpretation or opinion of the Commission within the meaning of Section 713 of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–12(b) (1)), in denying the Thermal position to plaintiff.

18. Plaintiff has necessarily required the services of attorneys in the prosecution of this action and said attorneys have rendered substantial and valuable services for plaintiff.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this action pursuant to the provisions of Section 706(f) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–5(f)).

2. Defendant Company is an employer within the meaning of Sections 701(b) and 703(a) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sections 2000e and 2000e–2).

3. Plaintiff has complied with all procedural requirements under the Civil Rights Act of 1964 necessary for the commencement and maintenance of this action.

4. This action presents an actual controversy between the parties hereto as contemplated by 28 U.S.C. Section 2201.

5. Defendant Company discriminated against plaintiff solely because of her sex by refusing to assign her to the Thermal position. Plaintiff was thereby denied an employment opportunity solely on the grounds of sex.

6. The refusal of defendant Company to assign plaintiff to the Thermal position (a) constitutes discrimination against plaintiff with respect to her compensation, terms, conditions and privileges of employment solely because of her sex, and (b) constitutes a limitation, segregation and classification of defendant Company's employees in such a way that it deprives or tends to deprive plaintiff of employment opportunities and adversely affects her status as an employee solely because of her sex, and is therefore an unlawful employment practice within the meaning of Section 703(a) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–2(a)).

7. The California hours and weights legislation does not create or constitute a bona fide occupational qualification within the meaning of Section 703(e) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–2(e)).

8. The California hours and weights legislation discriminates against women on account of sex.

9. The California hours and weights legislation violates the provisions of the Civil Rights Act of 1964. Accordingly, such legislation is contrary to the Supremacy Clause (Article VI, Clause 2) of the United States Constitution and, therefore, is void, and of no force or effect.

10. To the extent Section 1604.1 of the EEOC "Guidelines on Discrimination Because of Sex" as set forth in 29 C.F.R. Section 1604 is contrary to, or inconsistent with, the Conclusions of Law numbered 7, 8 or 9 above, said Section 1604.1 is void and of no force and effect.

11. Section 713(b) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–12(b)) is inapplicable to this action insofar as said action is an action for declaratory and other prospective relief.

12. Defendant Company did not rely on the EEOC "Guidelines on Discrimination Because of Sex" within the meaning of Section 713(b) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–12(b)).

13. The effect of the California hours and weights legislation is to subject women to discrimination and such legislation establishes standards which are "unreasonably low" within the meaning of the EEOC "Guidelines on Discrimination Because of Sex".

14. The EEOC "Guidelines on Discrimination Because of Sex" do not constitute a defense to this action pursuant to Section 713(b) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–12(b)).

15. The doctrine of exhaustion of administrative remedies does not constitute a defense to this action.

16. Plaintiff did not waive her right to institute or prosecute this action.

17. Defendant Company's refusal to assign plaintiff to the Thermal position does not constitute a lawful exercise of its discretion as an employer.

18. This action is not barred by the doctrine of the election of remedies.

19. This action is not barred by the applicable statutes of limitation.

20. The failure, if any, of the EEOC to attempt, through conference, conciliation, persuasion or otherwise to secure the voluntary compliance of defendant Company with the relief sought by plaintiff herein does not constitute a defense to this action.

21. The doctrine of abstention does not constitute a defense to this action.

22. Plaintiff is not entitled to an award of back pay or other damages.

23. Plaintiff is entitled to a judgment against defendant Company, as follows:

(i) Declaring that Sections 1171 through 1256 and 1350 through 1357 of the California Labor Code or any administrative regulations issued under or pursuant thereto, insofar as the same discriminate between men and women, are contrary to the provisions of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sections 2000e through 2000e–15);

(ii) Declaring that Sections 1171 through 1256 and 1350 through 1357 of the California Labor Code or any administrative regulations issued under or pursuant thereto, do not create or constitute a bona fide occupational qualification within the meaning of Section 703(e) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–2(e));

(iii) Declaring that defendant Southern Pacific Company's action in refusing to grant to plaintiff the Thermal position constitutes discrimination against plaintiff solely on account of sex and is an unlawful employment practice within the meaning of Section 703(a) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e–2(a));

(iv) That at such time as the Declaratory Judgment herein becomes final, the following judgment shall be deemed entered on behalf of plaintiff and against defendant Southern Pacific Company, to be effective on the day following the entry of final judgment herein, without further notice:

(a) That plaintiff shall be considered for any position sought by her with defendant Company without regard to her sex and without regard to any limitations imposed on employers in the employment of female employees under or pursuant to Sections 1171 through 1256 and 1350 through 1357 of the California Labor Code or any administrative regulations issued pursuant thereto;

(b) That defendant Company, its officers, agents, servents, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, be forever restrained and enjoined in the conduct of its employment practices with respect to plaintiff from relying upon, or acting under, the provisions of California Labor Code Sections 1171 through 1256 and 1350 through 1357 or any administrative regulations issued under or pursuant

thereto insofar as the same discriminate between men and women;

(v) Upon this Judgment becoming final, the Court shall retain jurisdiction to hear and determine all matters relating to charges by plaintiff that defendant Company's employment practices, subsequent to the date of entry of judgment herein (a) constitute discrimination against plaintiff with respect to her compensation, terms, conditions and privileges of employment solely because of her sex, or (b) constitute a limitation, segregation and classification of defendant Company's employees in such a way that it deprives or tends to deprive plaintiff of employment opportunities and adversely affects her status as an employee solely because of her sex;

(vi) That the Court shall reserve judgment with respect to the recovery of costs and the awarding of attorneys' fees until 30 days from the date of entry of a Final Judgment in this action.

To the extent that any of the Findings of Fact set forth above are deemed to be Conclusions of Law, or to the extent that any of the foregoing Conclusions of Law are deemed to be Findings of Fact, the same shall be deemed Conclusions of Law or Findings of Fact, as the case may be.

## SUMMARY JUDGMENT

This cause came on to be heard on plaintiff's Motion for Summary Judgment in favor of plaintiff and against defendant Southern Pacific Company, a Delaware corporation, on September 10, 1968, before the above-captioned court. The court having considered all of the documents filed with respect to said motions, the pleadings, affidavits, memoranda, agreed facts and stipulations on file and entered into in this action, and having heretofore made an Order adding the State of California as a party defendant, and having made an Order that, pursuant to stipulation of the parties, the within action is deemed an action for Declaratory Relief in addition to an action for the relief previously requested, and having heard and considered the arguments of counsel, and the court being fully advised in the premises, and having made its Findings of Fact and Conclusions of Law directing that Judgment be entered herein in favor of plaintiff, it is hereby

Declared ordered, adjudged and decreed that:

1. Sections 1171 through 1256 and 1350 through 1357 of the California Labor Code or any administrative regulations issued under or pursuant thereto, insofar as the same discriminate between men and women, are contrary to the provisions of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e through 2000e–15).

2. Sections 1171 through 1256 and 1350 through 1357 of the California Labor Code or any administrative regulations issued under or pursuant thereto, do not create or constitute a bona fide occupational qualification within the meaning of § 703(e) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–2(e)).

3. Defendant Southern Pacific Company's action in refusing to grant to plaintiff the Agent-Telegrapher position at Thermal, California, for which plaintiff made application in March, 1966, constitutes discrimination against plaintiff solely on account of sex and is an unlawful employment practice within the meaning of § 703(a) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–2(a)).

4. Any and all effects of this Declaratory Judgment shall be prospective from the date it becomes final.

5. At such time as the Declaratory Judgment herein (paragraphs 1 through 4 above) becomes final, the following Judgment shall be deemed entered on behalf of plaintiff and against defendant Southern Pacific Company to be effective on the day following the entry of

Final Judgment herein, without further notice:

(a) Plaintiff shall be considered for any position sought by her with defendant Southern Pacific Company without regard to her sex and without regard to any limitations imposed on employers in the employment of female employees under or pursuant to Sections 1171 through 1256 and 1350 through 1357 of the California Labor Code or any administrative regulations issued pursuant thereto;

(b) Defendant Southern Pacific Company, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, be forever restrained and enjoined in the conduct of its employment practices with respect to plaintiff Leah Rosenfeld from relying upon, or acting under, the provisions of California Labor Code Sections 1171 through 1256 and 1350 through 1357 or any administrative regulations issued under or pursuant thereto insofar as the same discriminate between men and women.

6. Upon this Judgment becoming final, the court shall retain jurisdiction to hear and determine all matters relating to charges by plaintiff that defendant Southern Pacific Company's employment practices, subsequent to the date of entry of Judgment herein (a) constitute discrimination against plaintiff with respect to her compensation, terms, conditions and privileges of employment solely because of her sex, or (b) constitute a limitation, segregation and classification of defendant Southern Pacific Company's employees in such a way that it deprives or tends to deprive plaintiff of employment opportunities and adversely affects her status as an employee solely because of her sex.

7. The court reserves judgment with respect to the recovery of costs and the awarding of attorneys' fees until 30 days from the date of entry of a Final Judgment in this action.

8. The court reserves the jurisdiction to issue such other Judgments and Orders and to conduct such proceedings as may be necessary to effectuate this Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above entitled cause came on regularly for hearing in the courtroom of the Honorable Warren J. Ferguson on September 10, 1968, on motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed by defendant Transportation-Communication Employees Union; and the matter having been argued orally and the Court having considered all of the documents filed with respect to said motion, the pleadings, affidavits and answers to interrogatories on file herein, and the Court having determined to grant summary judgment in favor of defendant Transportation-Communication Employees Union, it now makes its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. This action was commenced under the provisions of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–5) against the Southern Pacific Company (herein referred to as the "Company") and the Transportation-Communication Employees Union (hereinafter referred to as the "TCU" or the "Union") seeking back pay from both defendants; an injunction against the Company requiring it to assign plaintiff to a position which the Company contends can lawfully be assigned only to male employees; and an injunction against both defendants enjoining them from discriminating against plaintiff because of her sex.

2. The TCU is a standard railway labor organization, of employees organized in accordance with the Railway Labor Act (45 U.S.C. §§ 151–164). It is the duly designated and authorized

representative, under the Railway Labor Act, of employees throughout the United States in the crafts or classes commonly known as station, tower, and telegraph employees, on carriers subject to the Railway Labor Act. During all times relevant hereto, the TCU has been the duly designated and authorized collective bargaining representative for certain employees of the Company, including plaintiff, in the above mentioned crafts and classes.

3. The TCU and the Company entered into a collective bargaining agreement applicable to the work in said crafts or classes, which, to the extent relevant here, bears an effective date of October 15, 1963.

4. At all times since October 25, 1944, plaintiff, a female, has been employed by the Company and at all times relevant herein plaintiff has been a member of the TCU.

5. Rule 19 of the collective bargaining agreement between the TCU and the Company, entitled "New Positions and Vacancies," sets forth, among other things, the procedure the Company is to follow when filling positions that become vacant, including the priority of employees seeking to fill such vacancies, and a grievance procedure to be followed by an employee who believes himself (or herself) unjustly treated under Rule 19. Rule 19 requires the Company to award a vacant position to the employee with the most seniority who bids on the position where ability is sufficient.

6. On or about March 1, 1966, the Company, acting pursuant to Rule 19, subsection 3(d), advertised the vacancy of a position at the Company's station located in Thermal, California. Plaintiff was the most senior employee bidding for the vacancy. The Company, on or about March 21, 1966, assigned the vacancy to a male employee with less seniority than plaintiff.

7. In answer to plaintiff's inquiry of why she had not been assigned the position, the Company advised plaintiff that the reason it had not assigned the vacant position to her was that the work involved in the vacant position had certain hour and weight lifting requirements and that under applicable California laws and regulations such work could not lawfully be assigned to a female employee.

8. The plaintiff did not at any time relevant hereto invoke the grievance procedure under Rule 19, subsection (b), of the collective bargaining agreement, nor did she request the TCU to do so. The grievance procedure under Rule 19 provides that it must be invoked within ten days of the alleged unjust treatment.

9. On or about March 22, 1966, plaintiff complained in writing to the Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") that the Company denied her an employment opportunity because of her sex. This communication did not mention the TCU. Thereafter, on or about May 31, 1966, plaintiff filed, under oath, a formal written charge with the Commission charging the Company and the Union with discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–5) (hereinafter referred to as the "Act").

10. The Act requires the Commission to furnish each party named in the charge with a copy of the charge. The Commission did not furnish the TCU with such a copy. The Commission did not contact the TCU concerning the matter and did not attempt to conciliate the matter with the TCU. The first time the TCU learned that a charge had been filed against it was when it received a copy of the complaint filed herein which was some sixteen months after the charge was filed with the Commission.

11. On August 14, 1967, the Commission sent a letter to plaintiff advising her that it had investigated the charge filed against the Company. Said letter did not mention the TCU. The Commission informed plaintiff that it did not make determinations of whether the Act had been violated in situations in which the employment practices claimed

to be in violation of the Act are being continued because of the provisions of State law. The Commission advised plaintiff of her right within thirty days of the receipt of the letter to bring suit under Section 2000e–5(e) of the Act to secure a judicial determination with respect to the validity of the State law or regulation.

12. The TCU was not in any way responsible for the failure of the Company to assign plaintiff to the position at the Company's station located in Thermal, California, and which was advertised for bid on or about March 1, 1966.

13. The TCU did not discriminate against plaintiff because of her sex or for any other reason nor did it cause or permit the Company to discriminate against plaintiff on the grounds of her sex or on any other ground.

14. The TCU did not violate or fail to discharge any obligation imposed upon it by Title VII of the Civil Rights Act of 1964.

15. The TCU did not violate or fail to discharge its duty of fair representation to plaintiff nor did it violate any obligation imposed upon it by the Railway Labor Act.

## CONCLUSIONS OF LAW

1. The TCU did not discriminate against plaintiff because of her sex, or for any other reason, nor did it cause or permit the Company to discriminate against plaintiff on the ground of her sex or on any other ground.

2. The TCU did not violate or fail to discharge any obligation imposed upon it by Title VII of the Civil Rights Act of 1964.

3. The TCU did not violate or fail to discharge its duty of fair representation to plaintiff nor did it violate any obligation imposed upon it by the Railway Labor Act.

4. The TCU was under no legal obligation or duty to challenge the validity of the State laws and regulations regarding the employment of women herein at issue by instituting a suit to determine the validity of such laws and and regulations.

5. The failure of the TCU to take such action was not a violation of the Civil Rights Act of 1964.

6.. The motion of defendant TRANS-PORTATION-COMMUNICATION EMPLOYEES UNION for summary judgment is granted and the complaint against said Union is dismissed.

## SUMMARY JUDGMENT

This cause came on to be heard on Motion for Summary Judgment filed by defendant Transportation-Communication Employees Union in favor of said defendant and against plaintiff LEAH ROSENFELD and the Court being fully advised in the premises and having made its Findings of Fact and Conclusions of Law directing that judgment be entered herein in favor of said defendant, it is hereby

Ordered, adjudged and decreed that judgment be entered in favor of defendant TRANSPORTATION-COMMUNICATION EMPLOYEES UNION, and against plaintiff, dismissing the complaint against said defendant.