Leah **ROSENFELD**, Plaintiff-Appellee,

v.

**SOUTHERN PACIFIC COMPANY, a Delaware Corporation, Defendant-Appellant.**

No. 72–1525.

United States Court of Appeals, Ninth Circuit.

June 24, 1975.

---

**8.** *See generally* IX J. Wigmore, *Evidence* § 2484 (3d ed. 1940).

Robert S. Bogason (argued), San Francisco, Cal., for defendant-appellant.

Payson R. Wolff (argued), Hollywood, Cal., for plaintiff-appellee.

Richard A. Gladstone, Washington, D. C., for amicus curiae—E. E. O. C.

## OPINION

Before BROWNING and CHOY, Circuit Judges, and McNICHOLS,* District Judge.

PER CURIAM:

The district court granted appellee declaratory and injunctive relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq., Rosenfeld v. Southern Pacific Co.,* 293 F.Supp. 1219 (C.D.Cal.1968), but reserved judgment with respect to costs and attorneys' fees. We affirmed on the merits. *Rosenfeld v. Southern Pacific Co.,* 444 F.2d 1219 (9th Cir. 1971). The district court then entered judgment awarding appellee $30,000 as attorneys' fees as part of her costs. This is an appeal from that judgment.

Section 706(k) of Title VII, 42 U.S.C. § 2000e–5(k), provides that in actions under the Act "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." Appellant nonetheless challenges the authority of the court to award attorneys' fees in this case on a number of grounds.

* Honorable Ray McNichols, United States District Judge, District of Idaho, sitting by designation.

Appellant's principal argument rests upon the provision of section 713(b) of the Act, 42 U.S.C. § 2000e–12(b), that no person who acted in good faith reliance on a written interpretation of the Equal Employment Opportunity Commission shall be subject to "liability or punishment," and such a defense "shall be a bar to the action or proceeding."

Appellant asserts it relied in good faith upon EEOC guidelines to the effect that state laws prohibiting employment of women in jobs involving lifting of weights greater than stipulated in the statute would not be deemed in conflict with Title VII. *See* 29 C.F.R. § 1604.-1(b) and (c), 30 Fed.Reg. 14,927 (December 2, 1965). Appellant points out that this court held appellant's good faith defense could not be rejected without an evidentiary hearing (444 F.2d at 1227), and that appellant's requests for such a hearing have been rejected. Appellant argues that appellee cannot recover attorneys' fees under section 706(k) unless and until appellant's "good faith" defense under section 713(b) is rejected after a proper hearing, for two reasons. If appellant succeeds in establishing a good faith defense, appellant contends, the defense will be "a bar to the action or proceeding" under section 713(b), and therefore appellee will not be the "prevailing party" under section 706(k). In any event, appellant argues, if the good faith defense is established, section 713(b) bars imposition upon appellant of "any liability or punishment," which appellant contends include costs and attorneys' fees.

■ The premise of the first argument was rejected in our holding on the prior appeal that, under section 713(b), good faith reliance is relevant only to liability for back pay or other damages, and does not bar declaratory or injunctive relief. 444 F.2d at 1227. Even though appellee's prayer for damages was denied, she prevailed on the merits and obtained declaratory and injunctive relief. She was therefore a "prevailing party" to whom attorneys' fees may be awarded. *Lea v. Cone Mills Corp.,* 438

F.2d 86, 88 (4th Cir. 1971); *Clark v. American Marine Corp.,* 320 F.Supp. 709, 710 (E.D.La.1970), *aff'd* 437 F.2d 959 (5th Cir. 1971); *see also Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421, 429–30 (8th Cir. 1970).

■ Appellant's second argument is more substantial. We conclude, however, that an award of attorneys' fees under section 706(k) does not constitute the imposition of "liability or punishment" which is barred by section 713(b).

The language of the statute does not require a contrary result. Section 706(k) provides that attorneys' fees may be allowed "as part of the costs," and appellant concedes that under its interpretation of the statute all costs would be barred. Awarding "costs" to the prevailing party is the general practice in our court system and is not aptly described as "liability or punishment."

The meaning of the phrase "liability or punishment" was not specifically discussed in the legislative proceedings. However, it would be contrary to the clear purpose of Congress in authorizing the award of attorneys' fees in section 706(k) to interpret these words in section 713(b) in such a way as to preclude an award of attorneys' fees under section 706(k) whenever the discriminator could establish a good faith defense. "Congress . . . enacted the provision for counsel fees—not simply to penalize litigants who deliberately advance arguments they know to be untenable but, more broadly, to encourage individuals injured by racial discrimination to seek judicial relief under Title II." *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). This is equally true of Title VII. As we said in a Title VII case, "The allowance of reasonable fees in civil rights cases is an important feature of the enforcement provisions of that Act." *Schaeffer v. San Diego Yellow Cabs, Inc.,* 462 F.2d 1002, 1008 (9th Cir. 1972). *See also Lea v. Cone Mills Corp., supra,* 438 F.2d at 88. Reading section 713(b) to bar allowance of attorneys' fees

whenever good faith reliance could be shown would deter private suits challenging suspect EEOC interpretations of Title VII. At best, such suits are unattractive to private litigants. The issues are often complex; the deference accorded the agency's interpretation of its governing statute makes success unlikely. Yet it is particularly important that private litigants submit such issues to the courts for determination, for the agency itself will not do so. The agency declined to proceed in this case, for example, but this private litigation resulted in a highly significant contribution to the effective enforcement of the Act.

■ Appellant argues that even if attorneys' fees were not barred by section 713(b), the award was an abuse of the discretion vested in the district court by section 706(k) since appellant simply obeyed a state statute that was valid when appellant acted. We reject this argument for the reasons already stated. The purpose of the award is not simply to punish the defendants but to encourage individuals injured by discrimination to seek judicial relief, and thus secure enforcement of the Act. *Newman v. Piggie Park Enterprises, supra,* 390 U.S. at 402, 88 S.Ct. at 696. Trial courts have uniformly rejected the suggestion that they should decline to award attorneys' fees because the defendant relied upon state law. *See LeBlanc v. Southern Bell Telephone & Telegraph Co.,* 333 F.Supp. 602, 611 (E.D.La.1971), *aff'd,* 460 F.2d 1228 (5th Cir. 1972); *Kober v. Westinghouse Electric Corp.,* 325 F.Supp. 467, 473–74 (W.D.Pa.1971), *aff'd,* 480 F.2d 240 (3d Cir. 1973); *Local 246, Utility Workers Union v. Southern California Edison Co.,* 320 F.Supp. 1262, 1267 (C.D.Cal. 1970); *Richards v. Griffith Rubber Mills,* 300 F.Supp. 338, 341 (D.Ore.1969). Our footnote reference in *Krause v. Sacramento Inn,* 479 F.2d 988, 990 n. 2 (9th Cir. 1973), is not to the contrary. We do not understand it to mean that the presence of a defense based upon reliance on state law would affect the propriety of

awarding to the plaintiff proper attorneys' fees, but only that the fact that such a defense was presented and litigated might affect the proper amount of the fee.

■ Finally, appellant argues that the award was excessive in amount.

The expert testimony as to a proper fee ranged from $12,500 to $50,000. The trial court fixed the fee at $30,000 based upon these factors: (1) plaintiff's attorneys are "highly respected, experienced and competent"; (2) the case "was one of precedential significance in a new and fast developing field of law, and involved many complex and difficult legal issues"; (3) the attorneys' "manner of handling the issues . . . [was] designed to fix, and [was] successful in fixing, the Court's attention quickly and precisely on the principal legal issue and in obtaining a favorable resolution thereof"; (4) plaintiff's attorneys devoted 407 hours to the case over a period of almost four years; and (5) "[b]ased upon the fees customarily charged by other law firms in the legal community of Los Angeles of a reputation and standing similar to those of plaintiff's attorneys" a fee in excess of $30,000 would have been charged. These were appropriate considerations. *See* cases cited in *Brandenburger v. Thompson,* 494 F.2d 885, 890 n. 7 (9th Cir. 1974); *Evans v. Sheraton Park Hotel,* 503 F.2d 177, 187–88 (D.C.Cir. 1974); *Waters v. Wisconsin Steel Works,* 502 F.2d 1309, 1322 (7th Cir. 1974). They fully support the trial court's evaluation of the worth of counsels' services.

■ We reject appellant's argument that it was error to include compensation for services rendered solely to obtain the allowance of the attorneys' fees. *Miller v. Amusement Enterprises, Inc.,* 426 F.2d 534, 539 (5th Cir. 1970). Our decision in *Schaeffer v. San Diego Yellow Cabs, Inc., supra,* 462 F.2d at 1008 n. 5, is not to the contrary. Attorneys' fees were not allowed as costs on appeal in *Schaef-*

*fer,* both because in that case, as in this case, appellee had not requested them, and because in the particular circumstances of that case the court in the exercise of its discretion declined to award such fees.

Affirmed.