Santos RIVERA, Jennie Rivera, Donald Rivera, Jerome Rivera, Lee Roy Rivera, Mark Larabee, Enrique Flores, Manual Flores, Jr., Plaintiffs/Appellees,

v.

CITY OF RIVERSIDE, Linford L. Richardson, Michael S. Watts, Dan Peters, Gerald Miller, Robert Plait, Defendants/Appellants.

No. 81–5362.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 1982.

Decided June 15, 1982.

Jonathan Kotler, Kotler & Kotler, Beverly Hills, Cal., for defendants/appellants.

Gerald P. Lopez, Los Angeles, Cal., argued, for plaintiffs/appellees; Roy B. Cazares, Bonita, Cal., on brief.

Before HUG, TANG, and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

42 U.S.C. § 1988 provides: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

This appeal presents the question whether the amount of attorney's fees the district court awarded was reasonable under section 1988 where that amount greatly exceeded the verdict, and where the prevailing party was successful on fewer than all claims against fewer than all defendants.

Plaintiffs/appellees are Mexican-Americans who sought to vindicate their civil rights in a politically unpopular suit against the City of Riverside, the Riverside police chief, and thirty Riverside police officers.

The events out of which this lawsuit arose took place in August 1975, when appellees attended a party at a private resi-

dence in Riverside, California. The police, without a warrant, but with tear-gas and unnecessary physical force, broke up the party and arrested four of the appellees. The charges were dismissed for lack of probable cause.

Appellees sued the thirty-two defendants, alleging civil rights and pendent state tort violations.[1] The court granted summary judgment in favor of eighteen individual defendants and dismissed the claims against them.[2] After four years of discovery and two settlement conferences, a nine day trial ensued. The jury found in favor of all eight plaintiffs and against the City of Riverside and four of the individual officers on the negligence, false arrest, false imprisonment, and section 1983 claims. The jury awarded appellees total damages of $33,350.

After the trial, appellees moved for reasonable attorney's fees and costs pursuant to section 1988. The district court granted the motion and awarded $243,343.75 in attorney's fees (computed at $125 per hour, the standard rate for attorneys with comparable expertise in the civil rights area) and $2,112.50 in law clerk's fees (computed at $25 per hour).[3]

Appellants do not appeal the adverse jury verdict or the court's determination that appellees are entitled to an attorney's fees award. Appellants do, however, contend that the fee award is excessive.

## DISCUSSION

■ In 1976, Congress enacted 42 U.S.C. § 1988 and thereby firmly established that successful civil rights plaintiffs may receive reasonable attorney's fees as part of the costs. The amount of reasonable attorney's fees is within the sound discretion of the trial court. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975), *cert. denied sub nom. Perkins v. Screen Extras Guild, Inc.*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). The trial court's determination of a reasonable attorney's fee will not be disturbed absent clear abuse of discretion. *Id. See also Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 221 (9th Cir.), *cert. denied*, 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 (1964).

■ In *Kerr*, this court listed twelve factors for the district court to consider in setting attorney's fees awards.[4] The record must "demonstrate that the district court considered the factors established by *Kerr*." *Kessler v. Associates Financial Services Company of Hawaii, Inc.*, 639 F.2d 498, 500 (9th Cir. 1981). The district court, however, need not discuss specifically each of the twelve factors. It is sufficient if the record

---

1. The complaint alleged violations of plaintiffs' civil rights protected by the First, Fourth, and Fourteenth Amendments, and 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986. In connection with said civil rights violations, plaintiffs also alleged related state law claims predicated on conspiracy, infliction of emotional distress, assault and battery, property damage, breaking and entering, malicious prosecution, defamation, false arrest, false imprisonment, lost wages, negligence, and sought damages and declaratory and injunctive relief.

2. The reason why plaintiffs initially sued thirty Riverside police officers was because plaintiffs had great difficulty learning the identity of the officers actually involved in the incident that gave rise to the action.

3. The court reduced the original request by the amount of costs not contemplated under section 1988 (out-of-pocket office expenses) and did not apply the multiplier requested by appellees.

4. The following twelve factors were established first in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir. 1974) and adopted by the Ninth Circuit in *Kerr*:

   1. The time and labor required;
   2. The novelty and difficulty of the questions;
   3. The skill requisite to perform the legal services properly;
   4. The preclusion of other employment due to acceptance of the case;
   5. The customary fee;
   6. The contingent or fixed nature of the fee;
   7. The limitations imposed by the client or the case;
   8. The amount involved and the results obtained;
   9. The experience, reputation, and ability of the attorneys;
   10. The undesirability of the case;
   11. The nature of the professional relationship with the client;
   12. Awards in similar cases.

shows that the court considered the factors "called into question by the case at hand and necessary to support the reasonableness of the fee award." *Id.* at 500 n.1 (citing *Stanford Daily v. Zurcher*, 64 F.R.D. 680, 682 (N.D.Cal.1974), *aff'd*, 550 F.2d 464 (9th Cir.), *rev'd on other grounds*, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978)). *See also Manhart v. City of Los Angeles*, 652 F.2d 904, 907 (9th Cir. 1981).

The record here indicates that the court considered, applied, and discussed the *Kerr* factors necessary to support the award.[5] Having reviewed the record, we are satisfied that the district court did not abuse its discretion in awarding the attorney's fees requested.

Appellants urge this court to reduce the amount awarded because appellees "succeeded" on fewer than all of the original claims against fewer than all of the original thirty-two defendants, *Sethy v. Alameda County Water District*, 602 F.2d 894 (9th Cir. 1979), *cert. denied*, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980), and because the attorney's fees were disproportionately larger than the jury verdict. *Schaeffer v. San Diego Yellow Cabs, Inc.*, 462 F.2d 1002 (9th Cir. 1972).

In *Manhart*, we construed *Sethy* and concluded that no attorney's fees "may be paid for the time spent to prepare *unrelated claims* on which plaintiffs did not prevail." 652 F.2d at 909, citing *Sethy*, 602 F.2d at 898 (emphasis added). We distinguished *Sethy* by pointing out that "plaintiffs [in *Manhart*] pursued *several claims* to remedy the *same injury*, gender discrimination." 652 F.2d at 909. In *Manhart*, we concluded that if all claims are related to the same injury, then the amount of attorney's fees should not be reduced for time spent on unsuccessful claims if plaintiff prevails in the ultimate goal of the lawsuit.

Like *Manhart*, the present case involves related claims brought to remedy the same injury—here, the violation of civil rights. The district court, therefore, properly awarded attorney's fees for hours expended on unsuccessful but related claims. *See also Seattle School District No. 1 v. Washington*, 633 F.2d 1338, 1349–50 (9th Cir. 1980); *Northcross v. Board of Education of the Memphis City Schools*, 611 F.2d 624, 636 (6th Cir. 1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). This result is in line with Congress' unequivocal viewpoint that civil rights attorneys should be compensated "as is traditional with attorneys compensated by a fee-paying client for all time reasonably expended on a matter." S.Rep.No.94–1011, 94th Cong., 2d Sess. 6 (1976), U.S.Code Cong. & Admin.News 1976, p. 5908, 5913. Traditional methods of attorney compensation based on fee-paying clients do not differentiate between successful and unsuccessful claims. *See Northcross*, 611 F.2d at 636.

In passing section 1988, Congress intended to provide access to the judicial system for those who wish to vindicate civil rights violations. Reducing attorney's fees awards for unsuccessful related claims brought in good faith would militate against that policy and "would hardly further our mandate to use the 'broadest and most flexible remedies available' to us to enforce the civil rights laws if we were so directly to discourage innovative and vigorous lawyering in a changing area of the law."[6] *Northcross*, 611 F.2d at 636.

This decision is not affected by *Bartholomew v. Watson*, 665 F.2d 910 (9th Cir. 1982), which does not refer to our earlier

---

**5.** The district court carefully determined that:
1. The action presented complex issues;
2. The amount of time expended was reasonable and reflected sound legal judgment under the circumstances;
3. The attorneys demonstrated skill and experience in handling this protracted civil rights case;

4. The action was maintained to vindicate important constitutional rights and therefore advanced the public interest.

**6.** This is especially true in the present case. Appellees brought suit in 1975, years before the Supreme Court declared that municipalities could be sued under section 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**798**

*Manhart* decision. *Bartholomew* was remanded because the record failed to reflect the standard the district court employed in granting the entire amount of attorney's fees requested by the prevailing party. In the present case, the record reflects that the district court applied the correct standard.

Appellants rely on *Schaeffer v. San Diego Yellow Cabs, Inc.*, 462 F.2d 1002 (9th Cir. 1972), to support their contention that the amount of attorney's fees awarded must be proportionate to the jury verdict. In *Schaeffer*, a Title VII case, the district court declared invalid certain state laws relating to employee working conditions, refused damages for back pay, and awarded the prevailing party $600 in attorney's fees. The Ninth Circuit reversed in part, holding that certain issues were moot and that the plaintiff should receive some of the back pay that was denied. We remanded and suggested that the amount of attorney's fees "should be proportionate to the extent to which the plaintiff *prevail[ed]* in the suit." *Id.* at 1008 (emphasis added).

Schaeffer does not, as appellants suggest, prohibit an attorney's fees award disproportionate to a jury verdict. The extent to which a plaintiff has "prevailed" is not necessarily reflected in the amount of the jury verdict. Rather, the legislative history behind section 1988 demonstrates Congress' position that courts should award reasonable attorney's fees even if the rights vindicated are "non-pecuniary in nature .... " S.Rep.94–1011, 94th Cong.2d Sess. 6 (1976), U.S.Code Cong. & Admin.News 1976, p. 5913. *Schaeffer* does not limit the amount of attorney's fees a prevailing party may recover. That decision rests within the discretion of the district court.

We conclude that the district court did not abuse its discretion in awarding the attorney's fees requested by the plaintiffs/appellees.

AFFIRMED.