**Gary D. SMIDDY, Plaintiff,**

v.

**Dudley D. VARNEY, et al., Defendants.**

**No. CV 76–3390–HP.**

United States District Court,
C.D. California.

June 3, 1983.

Carla M. Woehrle, Michael J. Lightfoot, Talcott, Vandevelde & Woehrle, Los Angeles, Cal., for plaintiff.

Ira Reiner, City Atty., John T. Neville, Senior Asst. City Atty., Philip Shiner, Asst. City Atty., Los Angeles,. Cal., for defendants.

MEMORANDUM AND ORDER AWARDING PLAINTIFF'S COUNSEL ATTORNEYS' FEES FOR APPELLATE WORK AND AWARDING INTERIM FEES

PREGERSON, Circuit Judge, Sitting by Designation.

On May 24, 1983, this court heard plaintiff's motions (1) for an award of attorneys' fees for work performed on appeal and for time spent in preparation of this motion, and (2) for an immediate interim award of attorneys' fees. Having read the briefs, heard counsel's arguments, and studied the exhibits, including plaintiff's appellate briefs, petition for rehearing, cross-petition for writ of certiorari to the United States Supreme Court, and opposition to defendants' petition for writ of certiorari, the court rules as follows:

Section 1988 of Title 42 permits the award of attorneys' fees to the "prevailing party" in any action to enforce a provision of 42 U.S.C. § 1983. *Hensley v. Eckerhart*, — U.S. —, —, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). The instant action was brought under section 1983.

■ Regarding plaintiff's first motion, the threshold question is whether the district court has the authority to award fees for appellate work. The Ninth Circuit in *Suzuki v. Yuen*, 678 F.2d 761, 762 (9th Cir.1982), held that the district court is the proper forum for such an award. Therefore, this court may award attorneys' fees to plaintiff's counsel for the work performed on appeal if plaintiff is the prevailing party.

■ Plaintiff is the prevailing party if he "succeed[ed] on any significant issue in litigation which achieves some of the benefit [plaintiff] sought in bringing suit." *Hensley v. Eckerhart*, — U.S. —, —, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *see also Manhart v. City of Los Angeles,*

*Department of Water and Power*, 652 F.2d 904, 907 (9th Cir.1981), *rev'd on other grounds*, 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978). By proving that defendants violated plaintiff's civil rights, plaintiff prevailed on the significant issue in litigation which achieved an important benefit he sought in bringing suit, viz., vindication of what he regarded as an unfounded homicide charge. The critical determination in the case—liability for violating section 1983—was affirmed on appeal. *Smiddy v. Varney*, 665 F.2d 261 (9th Cir. 1981), *cert. denied*, — U.S. —, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982). Despite the appellate court's remand for a "new inquiry" on the amount of damages and for reconsideration of the amount of attorneys' fees previously awarded, plaintiff is the prevailing party on appeal because the appellate court upheld the jury's determination that his civil rights had been violated. *See Sotomura v. County of Hawaii*, 679 F.2d 152, 153 (9th Cir.1982).

■ This court will now consider the amount of attorneys' fees to be awarded for appellate work. The Ninth Circuit held in *Fountila v. Carter*, 571 F.2d 487, 496 (9th Cir.1978), that, although the Civil Rights Act is silent on the standards to be applied in determining the amount of attorneys' fees, district courts should consider the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). As was done in *Suzuki v. Yuen*, 507 F.Supp. 819, 824 (D.Hawaii 1981) this court will apply the *Kerr* factors in the context of appellate work. The factors we consider are (1) the quality of the briefs, (2) the time and labor required for preparation of briefs and oral argument, (3) the novelty and difficulty of issues on appeal, (4) the skill required to perform the legal services properly, (5) the preclusion of other employment by the attorney due to acceptance of the case, (6) the customary fee, (7) whether the fee is fixed or contingent, (8) time limitations imposed by the client or the circumstances, (9) the amount involved and the results obtain-

ed, (10) the experience, reputation, and ability of the attorneys, (11) awards in similar cases, (12) the complexity and importance of the case in its posture on appeal. *See Kerr*, 526 F.2d at 70.

As required by *Kessler v. Associates Financial Services Company of Hawaii, Inc.*, 639 F.2d 498, 500 (9th Cir.1981), this court has considered all of these factors but will discuss only those called into question by this case and necessary to support the reasonableness of the fee award for appellate work. *See Rivera v. City of Riverside*, 679 F.2d 795, 796–97 (9th Cir.1982).

*Quality of briefs, skill of the attorneys, and amount of time and labor required:* The briefs, petition for rehearing, and petition for writ of certiorari were of the highest caliber. The number of hours devoted by counsel was reasonable in light of the high quality of appellate work performed.

*Novelty and difficulty of the issues on appeal:* The case was factually complex and involved difficult civil rights issues in a novel context.

*Contingent nature of the fee and the undesirability of the case:* The uncertainty of an ultimate fee award, coupled with the enormous amount of time required to prosecute this litigation successfully, make this an undesirable case. Plaintiff's financial inability to pay the expenses of litigation added to counsel's burden.

*Experience, reputation, and ability of the attorneys:* Counsel involved in this case were experienced, capable attorneys who enjoy and maintain excellent reputations in the legal community.

*Awards in similar cases:* The hourly rate requested by counsel is comparable to that awarded in this district. *See Rivera*, 679 F.2d at 796 (fee award computed at $125 per hour); *Keith v. Volpe*, 501 F.Supp. 403, 413 (C.D.Cal.1980) (fees awarded ranged from $88 per hour in 1976 to $117.50 per hour in 1979).

■ Congress intended that "civil rights attorneys should be compensated 'as is traditional with attorneys compensated by a fee-paying client for all time reasonably expended on a matter.'" *Rivera*, 679 F.2d at 797, quoting S.Rep. No. 94–1011, 94th Cong., 2d Sess. 6, *reprinted in* 1976 U.S. Code Cong. & Ad.News 5908, 5913. While "[i]t is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney," *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir.1973), the application for a fee award must have sufficient detail for a court to make a fair and reasonable determination whether the hours claimed are justified. *National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1327 (D.C.Cir.1982). Plaintiff's counsel have adequately set forth the hours spent on appellate work in this case.

The Supreme Court in *Hensley v. Eckerhart*, — U.S. ——, ——, 103 S.Ct. 1933, 1942, 76 L.Ed.2d 40 (1983), recently held that when plaintiff has not been successful on all issues "the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." Plaintiff succeeded in obtaining two important results on appeal. First, the Ninth Circuit upheld the jury's determination that his civil rights had been violated. In addition, the court upheld his entitlement to damages and attorneys' fees. What remains to be resolved is the amounts of damages and attorneys' fees for the first trial, which could fall below the amounts originally awarded. After reviewing the record on appeal, this court concludes that plaintiff obtained substantial relief and achieved substantial results.

In determining the attorneys' fee award, the Ninth Circuit has approved blending the *Kerr* factors with the "lodestar" analysis. *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 840 (9th Cir.1982). The "lodestar" analysis "involves the calculation of a 'lodestar' figure based on multiplying the number of hours expended by counsel times the prevailing billing rate for comparable legal services in the community." *Id.*

The blending of the *Kerr* factors and the "lodestar" analysis is exemplified in *Keith v. Volpe,* 501 F.Supp. 403 (C.D.Cal.1980). Under the blended approach

> the court fixes a reasonable hourly rate for the attorneys' time and multiplies the hourly rate for each attorney by the number of hours worked. After this "lodestar" sum is reached, the court then considers the contingent nature of the action and the quality of the attorneys' efforts to determine whether an increase or decrease of the lodestar is mandated. If the court determines that the lodestar sum should be increased because of the contingent nature of the action and the quality of the attorneys' work, then the court determines what an appropriate "multiplier" should be. When historical hourly rates are used, another appropriate factor to consider in arriving at the proper "multiplier" is the effect of inflation and other hardships caused by a delay in receiving compensation for services.

*Id.* at 412–13.

■ ▬ This court finds the following rates and hours to be fair and reasonable:

Lightfoot

| | | | |
|---|---|---|---|
| 1979 | 2.25 hours at $120/hour | = | $ 270.00 |
| 1980 | 102.5 hours at $130/hour | = | $13,325.00 |
| 1981 | 50.55 hours at $140/hour | = | $ 7,700.00 |
| 1982 | 11.7 hours at $150/hour | = | $ 1,755.00 |
| 1983 | 33.2 hours at $150/hour | = | $ 4,980.00 |

Talcott

| | | | |
|---|---|---|---|
| 1980 | 10 hours at $130/hour | = | $ 1,300.00 |
| 1981 | 23.5 hours at $140/hour | = | $ 3,290.00 |
| 1982 | 14.8 hours at $150/hour | = | $ 2,220.00 |
| 1983 | 5 hours at $150/hour | = | $ 750.00 |

Bisbee

| | | | |
|---|---|---|---|
| 1980 | 60.2 hours at $130/hour | = | $ 9,632.00 |
| 1981 | 48 hours at $140/hour | = | $ 6,720.00 |
| 1982 | 2.4 hours at $150/hour | = | $ 360.00 |

Woehrle

| | | | |
|---|---|---|---|
| 1979 | 6.25 hours at $75/hour | = | $ 468.75 |
| 1980 | 84.75 hours at $85/hour | = | $ 7,203.75 |
| 1981 | 79.2 hours at $100/hour | = | $ 7,920.00 |
| 1982 | 52.8 hours at $110/hour | = | $ 5,808.00 |
| 1983 | 4.9 hours at $110/hour | = | $ 539.00 |

Sadowsky

| | | | |
|---|---|---|---|
| 1980 | 11.5 hours at $60/hour | = | $ 690.00 |
| 1981 | 4.4 hours at $75/hour | = | $ 330.00 |
| | | Total | = | $72,833.50 |

This court rules that a multiplier of 1.75 properly reflects the contingent nature of the appeal, its complexity, and, most importantly, the high quality of counsel's work performed in vindicating plaintiff's rights.

Considering the substantial results obtained by plaintiff on appeal, applying the *Kerr* factors to appellate work, and using a multiplier of 1.75, the court concludes that plaintiff's counsel are entitled to $127,458.62 for attorneys' fees for appellate work and for time spent in preparing this motion.

▬ Plaintiff has also moved for an immediate interim award of fees. An interim award is appropriate "when a party has prevailed on the merits of at least some of his claims." *Hanrahan v. Hampton,* 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980). Although final remedial orders have not been entered, plaintiff may be granted an interim award when the liability of the opposing party has been established. *Id.* at 757, 100 S.Ct. at 1989. In the instant case, liability has been established even though the final amount of damages has not been determined.

The attorneys have worked on this case for over six years. The case will not be finally concluded until the court has complied with the mandate of the court of appeals. It would work substantial hardship on the attorneys to delay the fee award until the entire case is closed. *See Bradley v. School Board of the City of Richmond,* 416 U.S. 696, 723, 94 S.Ct. 2006, 2022, 40 L.Ed.2d 476 (1974). Therefore, this court grants an interim award on account for fees earned for trial and appellate work of $125,000.

This court previously awarded plaintiff's counsel $250,000 for attorneys' fees for the work performed at trial. At a later date this court, as mandated by the Ninth Circuit, will reconsider the fees to be awarded

plaintiff's counsel for their trial court work.

IT IS SO ORDERED.