**SOCIETY FOR GOOD WILL TO RETARDED CHILDREN, INC., et al., Plaintiffs,**

v.

**Mario M. CUOMO, as Governor of the State of New York, et al., Defendants.**

No. 78 Civ. 1847 (JBW).

United States District Court, E.D. New York.

Oct. 4, 1984.

Murray B. Schneps, Michael S. Lottman, New York City, for plaintiffs.

Robert Abrams, Atty. Gen. of State of N.Y. by Frederick K. Mehlman, Caren S. Brutten, Kenneth S. Hoffman, Asst. Attys. Gen., New York City, for defendants.

## MEMORANDUM and ORDER

WEINSTEIN, Chief Judge:

The longstanding litigation involving conditions at the Long Island Developmental Center has been dismissed as moot. *Society for Good Will to Retarded Children, Inc. v. Cuomo*, 103 F.R.D. 168 (E.D.N.Y. 1984); *see generally, Society for Good Will to Retarded Children, Inc. v. Cuomo*, 572 F.Supp. 1300 (E.D.N.Y.1983), vacated, 737 F.2d 1239 (2d Cir.1984).

The trial court had awarded attorneys' fees to plaintiffs' counsel under the Civil Rights Attorney's Fees Awards Act of 1976. 42 U.S.C. § 1988 (1976). *Society for Good Will to Retarded Children, Inc. v. Cuomo*, 574 F.Supp. 994 (E.D.N.Y.1983). In light of its opinion on the merits, the Court of Appeals remanded the attorney fee aspect of the litigation. *Society for Good Will to Retarded Children v. Cuomo*, 737 F.2d 1253, 1254 (2d Cir.1984). Supplementing previous oral explanations of the fee award made on the record, the reasons for an award after remand are briefly set out below. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983) (district court should provide "concise but clear explanation of its reasons for the fee award.").

█ Plaintiffs are prevailing parties—the threshold requirement for the award of

attorneys fees. 42 U.S.C. § 1988; *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980) (formal relief need not be obtained). The affidavit of Arthur Y. Webb, Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, commits the State to comply with every aspect of this court's extensive remedial order issued in August 1983. Oral stipulations by defendant on the record confirm this resolve. The Center has substantially improved since the lawsuit began. In large measure desirable changes and promise of further progress result directly from the lawsuit and the efforts of plaintiffs' counsel. Far better treatment and care of members of the plaintiff class can thus be attributed to the counsels' skill and tenacity.

■ Detailed time records established the proper number of hours chargeable by plaintiffs' attorneys for lodestar purposes. *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1140, 1147–48 (2d Cir.1983); *City of Detroit v. Grinnell Corp. (Grinnell II)*, 560 F.2d 1093, 1099–1100 (2d Cir.1977). An hourly rate of $150.00 for work done after 1980 was reasonable—and perhaps unduly modest—in light of prevailing rates in New York and the complexity of the case. The multiplier of 1.25 is the minimum necessary to reward the superior quality of representation by plaintiffs' attorneys and their "exceptional success." *Blum v. Stenson*, —— U.S. ——, 104 S.Ct. 1541, 1550, 79 L.Ed.2d 891 (1984). Upward adjustment is especially appropriate given the risk that plaintiffs might not have prevailed after years of hard work. *Id.* at 1550 n. 17; *see also id.* at 1550–51 (Brennan, J., concurring); *cf.* Ferleger & Scott, Rights and Dignity: Congress, The Supreme Court, and People with Disabilities after *Pennhurst*, 5 West.New Eng.L.Rev. 327 (1983) (difficulties in lawsuits to reform mental institutions). Based upon full documentation in the files, the fee award is fixed at $573,679.05, plus disbursements of $36,948.57 up to the time of appeal.

■ In its opinion on the merits, the appellate court approved findings of unconstitutionality and requested clarification of the basis for the trial court's order. There is now no need for further litigation and added expense since the State's full voluntary compliance leaves the decree essentially intact in its practical effect, entitling plaintiffs to full compensation for their efforts on appeal. *Boudin v. Thomas*, 732 F.2d 1107, 1111 (2d Cir.1984) ("[t]he original decision on which [plaintiff] prevailed was left intact, making [plaintiff] the 'prevailing party' on appeal" for purposes of Equal Access to Justice Act). There should be no reduction because there were issues on which plaintiffs did not prevail. *See, e.g., Suzuki v. Yuen*, 507 F.Supp. 819 (D.Hawaii 1981), reversed on other grounds, 678 F.2d 761 (9th Cir.1982) (reversing with directions to award plaintiffs an even higher fee for work on appeal). Instead, as in *Suzuki*, plaintiffs are entitled to compensation for all the time reasonably spent on the appeal. *Id.* at 824. *See also, Kingsville Ind. School Dist. v. Cooper*, 611 F.2d 1109, 1114 (5th Cir.1980) (district court should have awarded attorneys' fees for work on appeal even though appeal resulted in remand); *cf. Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1942, 76 L.Ed.2d 40 (1983); *Smiddy v. Varney*, 574 F.Supp. 710 (C.D.Cal.1983).

A sum of $70,087.50 is awarded for counsels' work on appeal based on an hourly rate of $150. The hours expended are commensurate with the requirements for an appeal with such a large record and difficult legal issues. The rate per hour is at the low end of prevailing charges. A multiplier for time on appeal is not warranted since the risks of a full reversal were nominal and the quality of representation, while excellent, was not exceptional.

Plaintiffs are entitled to, and are awarded, a total of $680,715.12 plus interest from today's date. *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 121 (3d Cir.1976). This constitutes a final judgment.

So ordered.