JTH TAX, INC. d/b/a/ Liberty Tax
Service, et al., Plaintiffs,

v.

H & R BLOCK EASTERN TAX
SERVICES, INC., et al.,
Defendants.

No. CIV.A.2:00–CV–51.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 23, 2002.

Walter Dekalb Kelley, Jr., Troutman
Sanders LLP, Glen Michael Robertson,
Payne, Gates, Farthing·& Radd, P.C., Nor-
folk, VA, Peter Vincent Chiusano, Willcox
& Savage PC, Virginia Beach, VA, Frank
Alwin Edgar, Jr., Kaufman & CAnoles PC,
Newport News, VA, Carl Jay Khalil, Virgi-
nia, VA, for Plaintiffs.

Gregory N. Stillman, Benita Webster
Ellen, Hunton & Williams, Norfolk, VA,
Rodney F. Page, Daniel C. Schwartz,
Elaine F. Foreman, Bryan Cave LLP,
Washington, DC, N. Louise Ellingsworth,
Mark W. Brennan, Nilesh S. Patel, Bryan
Cave LLP, Kansas City, MO, for Defen-
dants.

Robert L. O'Donnell, Richard Hooper
Ottinger, Vandeventer Black LLP, Nor-

folk, VA, Carl Jay Khalil, Virginia Beach, VA, for Movant.

### MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

Before the Court is Plaintiffs' Motion for Attorney's Fees, Plaintiffs' Bill of Costs, Defendants' Motion to File Bill of Costs Out of Time, and Defendants' Cross Motion for Costs on Appeal. For the following reasons, the Court **GRANTS** Plaintiffs' Motion for Attorney's Fees, **DENIES** Plaintiffs' Bill of Costs, and **DENIES** Defendants' Motion to File Bill of Costs Out of Time.

### I. FACTUAL AND PROCEDURAL HISTORY

The instant motions arise subsequent to the appeal of the Court's Memorandum Opinion and Order, entered March 7, 2001, wherein the Court found that Defendants H & R Block Eastern Tax Services, Inc. and H & R Block Tax Services, Inc. (collectively, "Defendants") willfully and maliciously violated the Lanham Act. The Court awarded Plaintiffs JTH Tax, Inc. and other named plaintiffs (collectively, "Plaintiffs") damages in the amount of Defendants' profits. In addition, the Court found that Defendants' actions were willful and malicious. Therefore, the Court awarded Plaintiffs their attorney's fees because the facts of the case evidenced "exceptional circumstances."

On June 22, 2001, Defendants filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). There were two appeals before the Fourth Circuit. First, the Defendants appealed the Court's decision regarding liability of Defendants under the Lanham Act, which involved the litigation of several separate issues. Second, Defendants appealed the district court's award of attorney's fees for Wilcox & Savage's representation even though they had previously withdrawn from the litigation. On February 4, 2002, the Fourth Circuit issued its mandate to the Court in accordance with its written opinion decided January 10, 2002, affirming in part, vacating in part and remanding the judgment of the Court. The Fourth Circuit directed the Court to reduce Defendants' profits by "appropriate elements of cost or deduction," as proved by Defendants. Second, the Fourth Circuit found that the Court failed to calculate the net present value of the six-year future earnings. Third, the Fourth Circuit found that the Court's injunction prohibiting Defendants' use of the "rapid refund mark" was over broad to the extent not already covered by the other provisions of the injunction and thus remanded for removal of that element of injunctive relief. The Fourth Circuit affirmed the Court's decision that Defendants acted willfully in violating the Lanham Act, affirmed the Court's finding that Defendants' false and misleading advertisements were material to a reasonable consumer's purchasing decision, affirmed the Court's award of attorney's fees and costs, including the award for fees resulting from representation by Wilcox & Savage.

On February 4, 2002, Plaintiffs filed a Motion for Attorney's Fees expended in litigating Defendants' two appeals. On February 11, 2002, Plaintiffs filed a Bill of Costs for the appeals. On February 19, 2002, Defendants filed a Cross–Motion for Costs on Appeal and Objections to Plaintiffs' Bill of Costs and Summary of Costs. On February 20, 2002, Defendants filed a Response to Plaintiffs' Summary of Attorney's Fees. On March 1, 2002, Plaintiffs submitted a Reply in Support of Motion for Attorney's Fees. That same day, Plaintiffs submitted a Response to H & R Block's Cross–Motion for Costs on Appeal

and Reply in Support of Plaintiffs' Motion for Costs. On March 8, 2002, Defendants submitted a Motion for Leave to File Bill of Costs Out of Time and Reply in Support of Cross–Motion for Costs on Appeal. These motions are now ripe for judicial determination.

## II. LEGAL STANDARD

■ The Federal Rules of Appellate Procedure provide that "the following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

(1) the preparation and transmission of the record;

(2) the reporter's transcript, if needed to determine the appeal;

(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

(4) the fee for filing the notice of appeal."

FED. R. APP. P. 39(e). Under Federal Rule of Appellate Procedure 39(a)(4), "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." "[A] reading of Rule 39(a) clearly indicates that the taxing of costs on appeal is made in consideration of the success of the parties to the appeal *relative* to each other." *Meriwether v. Coughlin*, 727 F.Supp. 823, (S.D.N.Y.1989) (emphasis in original).

## III. ANALYSIS

### A. Plaintiffs' Motion for Attorneys' Fees: The Prevailing Party on Appeal

■ The central issue in the Court's disposition of Plaintiffs' motion for attorney's fees is which of the two parties is the successful party on appeal. The judgment of the Fourth Circuit affirmed in part, vacated in part, and remanded to the Court. The Fourth Circuit directed the Court to recalculate the damages award by taking into account Defendants' proof of costs, reduce the future profits award to present value, and remove a provision of the Court's injunction. On these issues, Defendants prevailed in their appeal. However, the Fourth Circuit affirmed the Court's finding that Defendants acted willfully, affirmed the Court's finding that Defendants' false and misleading advertisements were material to a reasonable consumer's purchasing decision, and affirmed the Court's award of attorney's fees and costs. On the central issues comprising the foundation for Defendants' liability, the Fourth Circuit affirmed the Court's decision. On these issues, Plaintiffs were successful in defending Defendants' appeal in the Fourth Circuit.

Plaintiffs claim that "given the Fourth Circuit's affirmance of the finding of willful, malicious conduct by Block, it is proper to award Liberty a portion of their attorney's fees on the defense of Block's two appeals in this case pro-rated according to the percent of success of Liberty on the appeals." Pl. Mot. for Attorneys' Fees at 2. Plaintiffs base their claim for attorney's fees on the case history of *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 1993 WL 204092 (N.D.Ill.), *aff'd in part, rev'd in part*, 34 F.3d 1340 (7th Cir.1994) (awarding additional attorney's fees to plaintiffs based on percentage of brief pages attributed to issues that prevailed on appeal even though the initial damages award was remanded for recalculation).

Using the *Sands* district court's formula for calculation of attorney's fees, Plaintiffs count the total brief pages submitted by the parties to be 171, of which 139 pages contained issues on which Plaintiffs were successful or Defendants were unsuccessful. Dividing 139 by 171, Plaintiffs compute that 81.2865% of the brief pages

include arguments by Plaintiffs that prevailed on appeal. Plaintiffs apply this percentage to the total attorney's fees incurred by Plaintiffs in the two appeals to claim a "net apportioned fee of $52,220.07." The total includes fees incurred by both in-house and outside counsel.

Defendants argue that because appealing the decision of the Court was not "exceptional," attorney's fees are not warranted for the appeals. Defendants claim that they, and not Plaintiffs, were the prevailing party on appeal. Defendants refute Plaintiffs' reliance on *Sands* because it "has a particularly convoluted prior history and subsequent appellate history. What is clear, however, is that *Sands* does not establish any hard-and-fast rule that attorney's fees are to be apportioned in [the percentage of prevailing brief pages] manner nor does it rely on any other case for such rule." Def. Response to Pl. Summ. of Attorney's Fees at 2. Defendants urge the Court to disregard *Sands* and deny Plaintiffs' attorney's fees incurred during the appeals.

The Court determined that the case was "exceptional" and thus warranted an award of attorney's fees; the Fourth Circuit affirmed the Court's determination. The determination that the appeal was "exceptional," in isolation of the underlying action, as the basis to award attorney's fees is not the proper focus on the instant motion to award attorney's fees. *See Sands, supra* at *7 (supplementing plaintiff's award for attorney's fees but choosing to apportion it based upon the degree of success on appeal). The Court maintains its finding that the circumstances of the underlying action are "exceptional" and warranted an award of attorney's fees to Plaintiffs. The extend of that award, however, depends on the extent to which

Plaintiffs were the prevailing party on appeal.

"Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby,* 506 U.S. 103, 109, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (applying statutory authorization for attorney's fees in context of 42 U.S.C. § 1988 civil rights action) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)); *Bly v. McLeod,* 605 F.2d 134, 137 (4th Cir.1979) (citing *Lytle v. Commissioners of Election of Union County,* 541 F.2d 421 (4th Cir.1976)) ("It is settled that in order to be a prevailing party one need not win on every issue in the case. A party prevails if judgment is entered in his favor even though he did not sustain his entire claim."); *Smiddy v. Varney,* 574 F.Supp. 710 (C.D.Cal.1983) ("Despite the appellate court's remand for a 'new inquiry' on the amount of damages and for reconsideration of the amount of attorney's fees previously awarded, plaintiff is the prevailing party on appeal because the appellate court upheld the jury's determination that his civil rights had been violated.") (citing *Sotomura v. County of Hawaii,* 679 F.2d 152, 153 (9th Cir.1982)). Wright, Federal Practice and Procedure, § 2667, at 204–05 ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d).")

There is no direct authority under the Lanham Act on what constitutes a "prevailing party," however, there is ample and informative authority on the issue in the context of civil rights litigation, which also statutorily authorizes the award of attorney's fees. It is apparent to the Court that a party need not prevail on all issues, but may still be deemed the prevailing party so long as the disposition of the

matter finds the issue of liability in favor of that party. In the instant action, the Court's findings that Defendants' were liable to Plaintiffs under the Lanham Act, and that Defendants' actions were willful and malicious were affirmed by the Fourth Circuit. Furthermore, the appellate issue raised by Defendants regarding attorney's fees awarded to the Wilcox & Savage representation was also affirmed in favor of Plaintiffs. The only matters in which Defendants prevailed were two computational issues (the requirement to consider their cost per return in calculation of profits and the requirement to discount the future profits award to present value), and the removal of a provision in the injunction. Defendants' success on these issues, though of significant moment to the ultimate award of damages, do not in any way affect the central determination by the Court of the issue of liability. Although the Fourth Circuit directed the Court to recalculate damages, Defendant remains liable to Plaintiffs. The Court finds that Plaintiffs remain the prevailing party on appeal and, therefore, Plaintiffs are entitled to attorney's fees for defending Defendants' appeal.

The Court is mindful, however, that Defendants were successful on a portion of the issues on appeal and will reduce the award for attorney's fees in its equitable discretion. The Court will not grant Plaintiffs a windfall award that does not appropriately consider that Defendants prevailed on some issues. The Court adopts the procedure employed by the *Sands* court, as it evidences an equitable means of apportioning the award for attorney's fees to only those issues upon which Plaintiffs prevailed on appeal. The Court finds that Plaintiffs prevailed on approximately 80% of the issues on appeal, as measured by the parties' written submissions on the issues. Therefore, the Court awards Plaintiffs $52,220.07, that is 81.2865% of the $64,242.00 Plaintiffs seek as attorney's fees.

**B. Plaintiffs' Bill of Costs**

▮ Plaintiffs assert a right to compensation for their costs from Defendants as the prevailing party on appeal. Plaintiffs claim $591.96 for printing fees, $308.44 for fees assessed by Pender & Coward as outside counsel, $355.33 for fees assessed by Keller & Heckman as outside counsel, and $1,632.34 for legal research at the Norfolk Law Library, totaling $2,888.07. Defendants object to Plaintiffs' Bill of Costs, claiming that Local Rule 39(c) does not allow for recovery of expenses for on-line legal research and fees for outside counsel.

United States Court of Appeals for the Fourth Circuit Local Rule 39(c) provides:

The only costs generally taxable in the Court of Appeals are: (1) the docketing fee if the case is reversed; and (2) the cost of printing or reproducing briefs and appendices, including exhibits.

Although some costs are "taxable" in the Court of Appeals, all costs are recoverable in the district court after issuance of the mandate. If the matter of costs has not been settled before issuance of the mandate, the clerk will send a supplemental "Bill of Costs" to the district court for inclusion in the mandate at a later date.

Various costs incidental to an appeal must be settled at the district court level. Among such items are: (1) the cost of the reporter's transcript; (2) the fee for filing the notice of appeal; (3) the fee for preparing and transmitting the record; and (4) the premiums paid for any required appeal bond. Application for recovery of these expenses by the successful party on appeal must be made in the district court and should be made only after issuance of the mandate by

the Court of Appeals. These costs, if erroneously applied for in the Court of Appeals, will be disallowed without prejudice to the right to reapply for them in the district court.

The Court finds that an award for costs attributable to legal research and outside counsel are not permitted under Local Rule 39(c). Given the fact that both parties prevailed under different issues, the Court directs that each party bear its own costs. Accordingly, Plaintiffs' Bill of Costs is **DENIED**.

### C. Defendants' Motion for Leave to File Bill of Costs Out of Time and Defendants' Cross–Motion for Costs

■ Also before the Court is Defendants' Motion to File Bill of Costs Out of Time. Plaintiffs objected to this motion, claiming that Defendants' motion was a "spite" filing in response to Plaintiffs' Bill of Costs. Defendants' motion was filed February 19, 2002. The 14–day filing period ran from January 10, 2002, and expired on January 24, 2002. The Court, in its discretion **DENIES** Defendants' motion for leave to file bill of costs out of time and will not consider the untimely filed Bill of Costs, which was filed 25 days later than the filing deadline.

Even if the Court were to consider Defendants' Bill of Costs, given the relative success of the parties on appeal, the Court would exercise its discretion to direct that each party bear its own costs. Defendants claim that because they prevailed on two issues on appeal, they should be awarded a proportion of their costs. However, because the costs for the supersedeas bond ($15,390.00), the docketing fee ($100.00), and the filing fee ($5.00), are all necessary in full to obtain any appellate relief, the award for these costs should not be proportionally reduced. Plaintiffs contend that Defendants are not entitled to recoup any costs because they were not successful on appeal. Defendants prevailed on three

issues: the recalculation of damages to consider Defendants' costs, the discount of the damages award to present value, and the removal of the portion of the Court's injunction prohibiting Defendants from using the term or mark 'rapid refund' in connection with the loan products. Plaintiffs claim that these issues were not central to the Court's decision and the Fourth Circuit's reversal of these elements of the Court's decision do not render Defendants' appeal "successful" for the recoupment of costs. Thus, in no event would Defendants recover anything on their Bill of Costs.

### IV. CONCLUSION

The Court **GRANTS** Plaintiffs' Motion for Attorney's Fees and awards fees in the amount of $52,220.07. The Court **DENIES** Plaintiffs' Bill of Costs and **DENIES** Defendants' Motion for Leave to File Bill of Costs Out of Time.

The Clerk is **DIRECTED** to send a copy of the Memorandum Opinion and Order to the parties.

IT IS SO **ORDERED**.