**Linda SAGE, et al., Plaintiffs,**

v.

**Henry RISLEY (Jack McCormick) et al., Defendants.**

**No. CV–85–082–BU–PGH.**

United States District Court,
D. Montana,
Butte Division.

Feb. 18, 1992.

*States v. Dionisio,* 410 U.S. 1, 9–10, 93 S.Ct. 764, 769–70, 35 L.Ed.2d 67 (1973).

Stephen L. Pevar, American Civ. Liberties Union, Denver, Colo., and Vincent J. Kozakiewicz, Montana ACLU Cooperating Atty., Dillon, Mont., for plaintiffs.

Karl Nagel, James B. Obie and Nick A. Rotering, Sp. Asst. Atty. Gen., Dept. of Institutions, Helena, Mont., for defendants.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

Pending before this court is plaintiffs' motion for award of attorney fees pursuant to 42 U.S.C. § 1988. Having considered the merits of the arguments presented by the parties in support of their respective positions, the court is prepared to rule.

## BACKGROUND

The present class action, initiated before this court in 1985, sought relief for all visitors to the Montana State Prison (MSP) who were required to submit to a strip search prior to their visitation. Seven months after suit was initiated, a settlement was reached among the parties. The stipulation of settlement enumerated several procedures that were to be followed by prison authorities in relation to the strip search of prison visitors.[1]

In 1990, an attorney for the original plaintiffs, Mr. Steven Pevar of the American Civil Liberties Union (ACLU), received letters from two MSP visitors. Both visitors alleged to have been involved in unrelated incidents in which they were required to submit to a strip search. Further investigation led Mr. Pevar to conclude

---

1. The pertinent procedures to which the parties agreed were as follows:

    a. The decision to order a strip search of a prison visitor will be made at the Lieutenant level or above, and will be made in writing. A strip search will not be ordered ... unless there exists a reasonable suspicion to believe that contraband will be found....

    c. Once a decision has been made to strip search a visitor, it can be immediately implemented. However, within five days the visitor should be mailed a copy of the order placing the visitor on search status, which order will set out (1) the nature and source of the information received ... and (2) a statement that the visitor has the right to consult with the Deputy Warden or his designee concerning the search request.

that the prison was not fully complying with the terms of the 1985 stipulation. Consequently, Mr. Pevar and a local ACLU attorney, Mr. Vince Kozakiewicz, filed a motion for contempt of court against the defendants. Subsequently, the parties effected a compromise agreement of the grievances which prompted the motion for contempt. There remains for resolution, however, the plaintiffs' claim for attorney fees under 42 U.S.C. § 1988; fees incurred in resolving the grievances.

DISCUSSION

There are two tests that dictate whether attorney fees will be awarded under section 1988. The first test pertains to the initial judgment while the second test pertains to post-judgment monitoring of that decree. The two tests impose different standards in determining whether attorney fees are warranted. The standard for the first test is the "prevailing party" standard; whereas the standard for the second test is the "reasonableness" standard. *See, Keith v. Volpe*, 833 F.2d 850 (9th Cir.1987). The present controversy relates to post-judgment conduct, in that the request for attorney's fees rests exclusively on work done regarding monitoring of the 1985 stipulation. Consequently, the court turns to determine whether the attorney's fees requested resulted from work that was reasonably necessary to the enforcement of the terms of that stipulation.

The reasonableness standard used in determining the propriety of attorney fees for post-judgment monitoring is considerably less stringent than the prevailing party standard. The Ninth Circuit Court of Appeals has recognized that an award of attorney fees under this standard may be warranted even though there is no concomitant finding of contempt or obstruction. *Keith v. Volpe*, 833 F.2d at 857.

Commendably, the parties were able to settle their dispute before substantial judicial resources were expended in resolution of the plaintiffs' motion for contempt. Nonetheless, in resolving the issue of attorney's fees, the court must assess the substantive basis of the plaintiffs' grievance to determine if the fees incurred by plaintiffs

in obtaining redress were reasonable under the circumstances. The plaintiffs' grievance was twofold in nature. First, they complained the defendants failed to abide by the stipulation's requirement that all decisions to conduct a visitor strip search be placed in writing. Second, the plaintiffs complained that visitors designated to be placed on "search status" were not provided a copy of the administrative order directing the search be accomplished.

With respect to the first aspect of the plaintiffs' grievance, the defendants concede that on occasion they did not fully comply with the terms of the stipulation by not reducing the decision to conduct a strip search to writing. The defendants suggest this error was merely procedural in nature, and not one of substance. As to the latter aspect of the plaintiffs' grievance, the defendants submit that no visitors were ever placed on "search status" and therefore, to the defendants' understanding, no order was required under the terms of the stipulation. Contrary to the defendants' assertion, the stipulation clearly contemplates that a visitor is placed on "search status" by virtue of the administrative decision to strip search the visitor. The court is unpersuaded by the defendants' strained interpretation of the stipulation.

Defendants' concession that they failed to fully comply with the procedures agreed upon among the parties and reduced to written stipulation is sufficient for a finding that plaintiffs' efforts to enforce the stipulation were reasonable and, therefore, compensable. "Services devoted to reasonable monitoring of the court's decree, both to insure *full compliance* and to insure that the plan is indeed working ... are compensable services." *Keith*, 833 F.2d at 856, quoting *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 637 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980) (emphasis added).

Turning to the reasonableness of the amount of attorney fees claimed by plaintiffs, the court notes the defendants have not contested the reasonableness of

the amount of fees requested, but merely the propriety of an award in the first instance. Nonetheless, the court has reviewed the records and affidavits submitted by both of plaintiffs' attorneys. The amounts claimed are fully accounted for and billed at a reasonable rate considering the attorneys' level of expertise. Additionally, the total amount claimed is reasonably commensurate with the work effort essential to resolution of the issues presented.[2]

## CONCLUSION

Whether the plaintiffs may be considered the prevailing party regarding the 1990 contempt action is irrelevant for purposes of ruling on the present motion. Plaintiffs' efforts in monitoring and seeking to enforce the provisions of the 1985 stipulation were reasonable and, therefore, an award of attorney fees under 42 U.S.C. § 1988, in the amount requested, is appropriate.

Accordingly, for the reasons set forth herein, the court concludes that plaintiffs' motion for attorney fees in the amount of $9,307.50 be, and the same hereby is, GRANTED.

IT IS SO ORDERED.

---

**2.** The plaintiffs are also entitled to additional remuneration for the work required to pursue their claim for attorney fees in this matter.

*Rosenfeld v. Southern Pacific Co.,* 519 F.2d 527, 530 (9th Cir.1975).